1

1          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

3    UNITED STATES OF AMERICA

4        v.                 CRIMINAL NO. 05-3 ERIE

5    MICHAEL SMITH

6

7                    CHANGE OF PLEA

8

9

10          Proceedings held before the HONORABLE

11          SEAN J. McLAUGHLIN, U.S. District Judge,

12          in Courtroom C, U.S. Courthouse, Erie,

13          Pennsylvania, on Friday, March 11, 2005.

14

15

16

17   APPEARANCES:
                CHRISTIAN A. TRABOLD, Assistant United States
18              Attorney, appearing on behalf of the Government.

19          THOMAS W. PATTON, Assistant Federal Public
        Defender, appearing on behalf of the Defendant.

20

21

22

23

24

25          Ronald J. Bench, RMR - Official Court Reporter


                                    2


1                 P R O C E E D I N G S

2

3              (Whereupon, the Plea proceedings begin at 1:25 p.m.,

4    on Friday, March 11, 2005, in Courtroom C.)

5

6              THE COURT:  All right, what counts are we pleading

7    to today?

8              MR. PATTON:  One and two.

9              THE COURT:  Mr. Smith, I'm informed that you wish to

10   change the plea that you have previously entered at Criminal

11   No. 05-3 to a plea of guilty, is that correct?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Before accepting your guilty plea, there

14  are a number of questions that I'm going to ask you to make

15  certain it is a valid plea.  If you do not understand any

16  question, please tell me and I will explain it to you.  If you

17  want to consult with Mr. Patton, tell me that and I will give

18  you the opportunity to consult.  I give you these instructions

19  today because it is essential to a valid plea that you

20  understand all the questions before you answer them.

21          Would you please raise your right hand.

22          (Whereupon, the Defendant, MICHAEL SMITH, was

23  sworn.)

24          THE COURT:  Would you please tell me your full name?

25          THE DEFENDANT:  Michael Brad Smith.


                              3


1          THE COURT:  And how old are you?

2          THE DEFENDANT:  Twenty-seven.

3          THE COURT:  How far did you go in school?

4          THE DEFENDANT:  10th grade.

5          THE COURT:  Are you able to communicate in English?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Patton, have you been able to

8  communicate with Mr. Smith in English?

9       MR. PATTON:  Yes, your Honor.  I believe you need to

10  add that since you have been sworn, your answers are subject to

11  the penalties of perjury.

12       THE COURT:  Thank you, I appreciate that.  Do you

13  understand that now that you have been sworn, your answers to

14  my questions are subject to the penalties of perjury or of

15  making a false statement, if you do not answer truthfully?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Are you now or have you recently been

18  under the care of a physician or psychiatrist?

19       THE DEFENDANT:  I'm taking an antidepressant, that's

20  it.

21       THE COURT:  Pull the mike up just a little bit.

22       THE DEFENDANT:  I'm taking an antidepressant, that's

23  it.

24       THE COURT:  And that antidepressant drug doesn't

25  affect your ability to understand what's going on, does it?

4

1       THE DEFENDANT:  No, sir.

2          THE COURT:  Have you taken any drugs or medication,

3   besides that, or drunk any alcoholic beverages in the past 24

4   hours?

5          THE DEFENDANT:  No.

6          THE COURT:  Are you now or have you recently been

7   treated or hospitalized for any type of a narcotic addition?

8          THE DEFENDANT:  No.

9          THE COURT:  Do you understand what's happening here

10  today?

11         THE DEFENDANT:  Yes, I do.

12         THE COURT:  Does either counsel have any doubt about

13  the competence of this defendant to plead guilty at this time

14  to the charges contained in the Indictment; Mr. Patton?

15         MR. PATTON:  No, sir.

16         THE COURT:  Mr. Trabold?

17         MR. TRABOLD:  No, your Honor.

18         THE COURT:  I find that the defendant is competent

19  to plead.  Do you have an attorney with you here today?

20         THE DEFENDANT:  Yes.

21         THE COURT:  What's his name?

22         THE DEFENDANT:  Thomas Patton.

23         THE COURT:  Are you happy with the work that he's

24  done for you?

25      THE DEFENDANT:  Yes.


5


1       THE COURT:  Have you had a sufficient opportunity to

2  discuss your case with him?

3       THE DEFENDANT:  Yes.

4       THE COURT:  Do you understand that if you continue

5  to plead not guilty and do not change your plea, you would have

6  the right to be assisted by an attorney at the trial of the

7  charge against you?

8       THE DEFENDANT:  Yes.

9       THE COURT:  And do you understand that if you did

10  not enter a guilty plea and if you qualified financially, you

11  would be entitled to be assisted by an attorney at no cost to

12  you?

13      THE DEFENDANT:  Yes.

14      THE COURT:  At every phase of the processing of the

15  charges?

16      THE DEFENDANT:  Yes.

17      THE COURT:  And do you understand that if you did

18  not plead guilty and if there were a trial, under the

19  Constitution and laws of the United States, you would be

20  entitled to a speedy trial by a judge and jury on the charge?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Do you understand that if there were a

23  trial, you would be presumed to be innocent at the trial of the

24  charge against you?

25       THE DEFENDANT:  Yes.


6


1        THE COURT:  And do you understand that if there were

2  a trial, the government would be required to prove your guilt

3  by competent evidence and beyond a reasonable doubt before you

4  could be found to be guilty?

5        THE DEFENDANT:  Yes.

6        THE COURT:  Do you understand that if there were a

7  trial, you would not have to prove that you were innocent?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you understand that if there were a

10  trial, the jury would have to be unanimous in order to find you

11  guilty of the charge against you?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that if there were a

14  trial, you would have the right to participate in the selection

15  of the jury; that you would have the right to strike or

16  eliminate any prospective juror if it was demonstrated that the

17  juror would be unable to render a fair and impartial verdict;

18  and that you would have the right to strike or eliminate ten

19  jurors from the jury, and one alternate, without giving any

20  reason at all for so doing?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand that if there were a

23  trial, the witnesses for the government would have to come here

24  and testify in court in your presence?

25          THE DEFENDANT:  Yes.


7


1          THE COURT:  Do you understand that if there were a

2  trial, your counsel could cross-examine the witnesses for the

3  government, object to evidence offered by the government and

4  then offer evidence on your behalf?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that if there were a

7    trial, the government would have to pay witness fees to

8    witnesses you wished to call on your behalf, if you qualified

9    as being financially unable to do so?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you understand that if there were a

12    trial, you would have the right to testify if you chose to

13    testify?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that if there were a

16    trial, you would have the right not to testify and that no

17    inference or suggestion of guilt could be drawn from the fact

18    that you did not testify?

19          THE DEFENDANT:  Yes.

20          THE COURT:  If you plead guilty and I accept your

21    plea, do you understand that you will waive your right to a

22    trial and the other rights I just mentioned to you, that there

23    will be no trial, and that I will enter a judgment of guilt and

24    Judge Cohill will sentence you on the basis of your guilty plea

25    after considering a presentence report?

1          THE DEFENDANT:  Yes.

2          THE COURT:  If you plead guilty, do you also

3   understand you'll have to waive your right not to incriminate

4   yourself, because I'm going to ask you questions about what you

5   did in order to satisfy myself that you are guilty as charged

6   and that you will have to acknowledge your guilt?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Now that I have mentioned your rights to

9   you, do you still want to plead guilty?

10         THE DEFENDANT:  Yes, I do.

11         THE COURT:  Have you received a copy of the

12   Indictment naming you, and have you discussed with Mr. Patton

13   the charges in the Indictment to which you are going to be

14   pleading guilty today?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you understand that you are charged

17   in Count One as follows:  "On or about December 17, 2004, in

18   the Western District of Pennsylvania, the defendant, Michael

19   Smith, by force, violence and intimidation, did take and

20   attempt to take from the person and presence of another, money,

21  namely, $22,789.40 belonging to and in the care, custody

22  control, management and possession of Marquette Savings Bank,

23  3404 Liberty Street, Erie, Pennsylvania, 16508, a bank the

24  deposits of which were then insured by the Federal Deposit

25  Insurance Corporation.


9


1          In violation of Title 18, United States Code,

2  Section 2113(a)."  Do you understand the charge?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that you are charged

5  in Count Two of the Indictment as follows:  "On or about

6  December 17, 2004, in the Western District of Pennsylvania, the

7  defendant, Michael Smith, by force, violence and intimidation,

8  did take and attempt to take from the person and presence of

9  another, money, namely $22,789.40, belonging to and in the

10  care, custody, control, management and possession of Marquette

11  Savings Bank, 3404 Liberty Street, Erie, Pennsylvania, 16508, a

12  bank the deposits of which were then insured by the Federal

13  Deposit Insurance Corporation; and in committing such offense,

14  the defendant, Michael Smith, did assault and put in jeopardy

15  the life of another person by use of a dangerous weapon, that

16  is a BB gun.

17          In violation of Title 18, United States Code,

18  Section 2113(d)."  Do you understand that charge?

19          THE DEFENDANT:  Yes.

20          THE COURT:  As to Count One, do you understand that

21  in order for the crime of bank robbery to be established, the

22  government must prove all of the following essential elements

23  beyond a reasonable doubt:

24          On or about the date set forth in the Indictment,

25  Marquette Savings Bank was an institution the deposits of which


                                10


1  were insured by the Federal Deposit Insurance Corporation.

2          Second, that the money, property or other thing of

3  value the defendant took or attempted to take belonged to or

4  was in the care, custody, control, management or possession of

5  the bank.

6          And third, that the defendant took or attempted to

7  take the money property or other thing of value from the person

8  or in the presence of another, and did so by force and violence

9    or by acting in an intimidating manner.

10          Do you understand the elements insofar as Count One

11   is concerned?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that insofar as Count

14   Two concerned, that in order for the crime of use of a

15   dangerous weapon in connection with bank robbery, the

16   government must prove all of the following essential elements

17   beyond a reasonable doubt:

18          That on or about the date set forth in the

19   Indictment, Marquette Savings Bank was an institution the

20   deposits of which were insured by the Federal Deposit Insurance

21   Corporation.

22          Second, that the money, property or other thing of

23   value the defendant took or attempted to take belonged to or

24   was in the care, custody, control, management or possession of

25   the bank.

11

1          And, three, the defendant took or attempted to take

2    the money, property or other thing of value from the person or

3    in presence of another, and did so by force and violence or by

4    acting in an intimidating manner.

5         And, four, in committing the crime, the defendant

6    either assaulted one or more persons by the use of a dangerous

7    weapon or put one or more persons lives in jeopardy by the use

8    of a dangerous weapon.  Do you understand the elements as to

9    Count Two?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Do you understand that the maximum

12   penalty for a violation of Count One is a term of imprisonment

13   of not more than 20 years; a fine not more than the greater of

14   $250,000; or an alternative fine in an amount not more than the

15   greater of twice the gross pecuniary gain to any person or

16   twice the pecuniary loss to any person other than the

17   defendant, unless the imposition of this alternative fine would

18   unduly complicate or prolong the sentencing process.

19        A term of supervised release of not more than three

20   years.

21        As well as a mandatory special assessment of $100.

22        Do you understand the maximum penalty as to that

23   count?

24        THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand the maximum penalty as

12

1  to Count Two, use of a dangerous weapon in connection with bank

2  robbery, is a term of imprisonment of not more than 25 years.

3          A fine not more than the greater of $250,000; or an

4  alternative fine in an amount not more than the greater of

5  twice the gross pecuniary gain to any person or twice the

6  pecuniary loss to any person other than the defendant, unless

7  the imposition of this all alternative fine would unduly

8  complicate or prolong the sentencing process.

9          A term of supervised release of not more than three

10  years.

11          As well as a mandatory special assessment of $100.

12          Do you understand the maximum penalty as to Count

13  Two?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Has anybody made any threat to you or to

16  anyone else that has caused you in any way to plead guilty

17  today?

18          THE DEFENDANT:  No.

19        THE COURT:  Has there been a plea agreement?

20        MR. TRABOLD:  No, your Honor.

21        THE COURT:  Okay.  Do you understand that the

22   offense to which you are pleading guilty is a felony offense;

23   that if your plea is accepted you will be adjudged guilty of

24   that offense and that such adjudication may deprive you of

25   valuable civil rights, such as the right to vote, hold public


                            13


1   office, the right to serve on a jury and the right to possess

2   firearms; do you understand that?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Under the Sentencing Reform Act of 1984,

5   the United States Sentencing Commission has issued guidelines

6   for judges to follow in determining sentences in criminal cases

7   for offenses occurring after November 1, 1987.  Have you and

8   your attorney talked about how the Sentencing Guidelines might

9   apply to your case and the fact that the suggested guideline

10   ranges are now advisory by virtue of two recent Supreme Court

11   decisions?

12        THE DEFENDANT:  Yes.

13          THE COURT:  And do you understand that Judge Cohill

14   will not be able to determine the guideline sentence for your

15   case until the presentence report has been completed and you

16   and the government have had an opportunity to challenge the

17   facts that are reported by the probation office?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And do you understand that after it has

20   been determined what guideline sentence applies, the judge has

21   the authority to impose a sentence that is more severe or less

22   severe than the sentence called for by the Sentencing

23   Guidelines?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And do you understand that under certain

14

1   circumstances you or the government may have the right to

2   appeal any sentence that Judge Cohill imposes?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that parole has been

5   abolished, and that if you are sentenced to a term of

6   imprisonment, you will not be released on parole?

file:///A|/SMITHPLE.TXT

7        THE DEFENDANT:  Yes.

8        THE COURT:  Do you understand that if the sentence

9   is more severe than you expected it to be, you will still be

10   bound by your guilty plea and that you will have no right to

11   withdraw it?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Except for your discussions with Mr.

14   Patton about the Sentencing Guidelines, has anybody made any

15   prediction or promise to you about what your sentence is going

16   to be?

17        THE DEFENDANT:  No.

18        THE COURT:  Has anything I have said here today

19   suggested to you what your actual sentence will be?

20        THE DEFENDANT:  No.

21        THE COURT:  Have you been instructed by Mr. Patton,

22   by government counsel, or by anybody else to respond

23   untruthfully to any question about a promised sentence?

24        THE DEFENDANT:  No.

25        THE COURT:  Did you, as charged in Counts One and

15

1  Two, and as previously read to you by me commit those offenses?

2      THE DEFENDANT:  Yes.

3      THE COURT:  What would be the government's proof

4  here, Mr. Trabold.

5      MR. TRABOLD:  Your Honor, on December 17, 2004, a

6  white male entered the Marquette Savings Bank at 3404 Liberty

7  Street in the city of Erie, an institution insured by the FDIC.

8  Approached the teller with was thought at the time to be a

9  handgun, drew the weapon on the teller and demanded money from

10  her drawer.  The teller then complied and emptied her money.

11  This white male then went to the next teller and demanded

12  money, received all the money at that teller's drawer.  Then

13  went to a third teller, did the same thing and received all the

14  money from the teller's drawer.

15      In the intervening time period of going from teller

16  to teller, this white male pointed his weapon at a customer who

17  was in line and told that customer to back away.

18      After receiving $22,789.40 from the tellers, the

19  white male then fled the bank on foot.  Shortly thereafter, a

20  foot chase ensued between the white male and the Erie police.

21  Ultimately, this foot chase went through a number of yards,

22  backyards and areas, with the white male throwing down various

23  items that he had, including items of clothing.  At the

24  conclusion of the foot chase, Mr. Smith was apprehended.

25       He was then brought to the Erie police station,


                              16


1  where after being questioned, he confessed to his involvement

2  in this crime.

3       Subsequent to that it was also determined that Mr.

4  Smith had three bait bills which were given to --

5       THE COURT:  I'm sorry, three what?

6       THE WITNESS:  Three bait bills, which were given to

7  the robber of a bank in the Warren area, a bank robbery that

8  occurred two days prior to this bank robbery.

9       There is one other thing I want to say for the

10  record.  That the weapon that Mr. Smith had, it's indicated in

11  the indictment, it was later determined to be a BB gun.

12       THE COURT:  Okay.  Mr. Smith, you just heard what

13  Mr. Trabold said by way of summary, do you agree with

14  everything that he said?

15       THE DEFENDANT:  Yes.

16      THE COURT:  Do you still want to plead guilty?

17      THE DEFENDANT:  Yes.

18      THE COURT:  Is it your advice that he do so, Mr.

19  Patton?

20      MR. PATTON:  Yes, your Honor.

21      THE COURT:  Because you acknowledge that you are in

22  fact guilty as charged at Counts One and Two, because you know

23  about your right to a trial, because you know what the maximum

24  possible penalty is, and because you are voluntarily pleading

25  guilty, I will accept your guilty plea and enter a judgment of

17

1  guilty on your plea to Counts One and Two of Indictment No.

2  05-3 Erie.

3      It is, therefore, the finding of the court in the

4  case of United States v. Michael Smith that the defendant is

5  fully competent and capable of entering an informed plea, and

6  that his plea of guilty is a knowing and voluntary plea

7  supported by an independent basis in fact containing each of

8  the essential elements of the offense and that, therefore, the

9  plea is accepted and this defendant is now adjudged guilty of

10  the charges as set forth in Counts One and Two.

11          Would you please execute the change of plea.

12          (Whereupon, the Change of Plea was executed by the

13  Defendant and Defense Counsel.)

14          THE COURT:  A presentence investigation report will

15  be prepared by the probation officer, and it is in your best

16  interests to cooperate with the probation officer in furnishing

17  information for the report because that report will important

18  in Judge Cohill's decision about what your sentence will be.

19  You and your counsel will have the right and will have the

20  opportunity to examine the content of the report before

21  sentencing.

22          Disposition of sentencing in this case will be at a

23  time and place set by Judge Cohill's chambers.  All right,

24  we're adjourned.

25          (Whereupon, at 1:42 p.m., the Plea proceedings were


                                18


1  concluded.)

2

3                      - - -

4

5

6

7                    C E R T I F I C A T E

8

9

10        I, Ronald J. Bench, certify that the foregoing is a

11   correct transcript from the record of proceedings in the

12   above-entitled matter.

13

14

15

16   _____

17   Ronald J. Bench

18

19

20

21

22

23

24

25